## IN THE COURT OF APPEALS OF IOWA

No. 15-2075
Filed January 25, 2017

**KENNETH EDWARD CARVER,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Mills County, Jeffrey L. Larson, Judge.

Kenneth Carver appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Potterfield, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Kenneth Carver appeals the district court's denial of his application for postconviction relief following his 2011 convictions for sexual abuse in the second degree and two counts of lascivious acts with a child stemming from acts committed against his daughters. This court affirmed Carver's convictions on direct appeal. *See State v. Carver*, No. 11-0848, 2012 WL 1439029, at *4 (Iowa Ct. App. Apr. 25, 2012).[1]

In this appeal, Carver raises a number of challenges to trial counsel's representation. Carver also contends appellate counsel was ineffective in failing to exhaust his claims of trial counsel's ineffectiveness on direct appeal. According to Carver, counsels' failures amounted to structural error, such that he was completely denied representation at crucial stages of the proceeding. Our review is de novo. *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

These issues were raised before the postconviction court at trial on Carver's application for postconviction relief. The court received deposition testimony from Carver's trial counsel discussing his representation and trial strategy with regard to Carver's challenges. The postconviction court considered the underlying criminal file, as well as this court's ruling on direct appeal, which rejected one of Carver's claims—which Carver now raised as one of ineffective assistance of counsel—by concluding Carver had failed to show he was prejudiced by the court's evidentiary ruling. *See Carver*, 2012 WL 1439029, at

---

[1] The facts underlying this action as relevant to Carver's claims were previously summarized by this court in *Carver*, 2012 WL 1439029, at *1-4.

*3-4 (rejecting Carver's challenge under *State v. Cashen*, 789 N.W.2d 400, 408-10 (Iowa 2010)).

The postconviction court carefully considered each of Carver's claims and concluded Carver had failed to show prejudice—or structural error—resulting from trial and appellate counsels' alleged failures. We affirm the court's comprehensive consideration of these issues and conclude Carver has failed to show prejudice on his claims of ineffective assistance of counsel.

Upon our review, we affirm the court's order denying Carver's application for postconviction relief without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**